The second case on our call of the docket is agenda number 11, case number 111, 817, People v. Johnson. Counsel for the appellant. Good morning, your honors. May it please the court. My name is Brett Zeeb and I represent the defendant in this matter, Mr. Amos Johnson. After Mr. Johnson was convicted of simple drug possession in this case, pursuant to section 543 of the code of corrections, he was required to give a DNA sample that was to be placed in the statewide DNA database, and he was also charged $200 for this. The question before this court is whether that $200 charge is a fine or a fee. This court in People v. Jones held that the central characteristic that separates a fine from a fee is whether that charge seeks to compensate the state for any expense in prosecuting the defendant in that case. And if that is indeed the purpose of the charge, it's a fee. On the other hand, if it just goes to a monetary penalty, then it's a fine. And Mr. Johnson urges this court to hold that it is a fine. Now, the lower court rationale for holding that this was a fee is that it goes to create a statewide DNA database. But that rationale is inconsistent with this court's holdings in People v. Jones and also in People v. Graves, and there's a few main reasons why that's so. First and foremost, there's no direct relationship between this $200 charge, which occurs after the defendant is already convicted, and the creation and maintenance of this DNA database. Those charges instead go to possible prosecutions of theoretical defendants in the future, but there's no direct connection between that charge and Mr. Johnson's actual case. And there's a couple of similar fees that illustrate the difference between a fine and a fee that I think are instructive for the court here. One of those fees were in People v. Diaz, where the DUI analysis fee was that issue. Another one is the Littlejohn case, where it's the crime lab analysis fee. Now, in both of those cases, the court looked to what are the actual attributes of these charges. And in both instances, those charges went to cover actual costs in the prosecution of the defendant in that particular case. In Littlejohn, it went to prove that the items at issue were indeed illegal substances. And in the Diaz case, it went to whether the defendant had committed a vehicle code violation. So in both of those instances, there's a direct link. There's a connection between what these charges went to pay for and the actual case that was at issue. In this case, on the other hand, there's no direct connection between this $200 charge that happens after conviction and Mr. Johnson's actual drug possession case here. Now, Section 5431 of the Correction Code, I think, repeatedly describes the DNA analysis charge as a fee rather than a fine. I know the label used by the legislature is not definitive, but it doesn't strongly suggest that the DNA analysis charge should be considered a fee rather than a fine. Well, that's certainly true that it's called a fee in the statute in this court recently in People v. Marshall, referred to this $200 charge as a fee in numerous spots in the opinion. But going back to this decision this court's holding in People v. Graves, those statutory labels are not the end-all, be-all in whether something's a fine or a fee. Again, it goes back to the central question is whether this charge goes to pay for something that was actually involved in the prosecution of the defendant in that case, or if it's just a monetary penalty. Does that language strongly suggest that it should be considered a fee rather than a fine? Well, again, this just goes back to the label, and if the label is contradicted by the actual purpose of the charge, then the label doesn't control. It's the actual purpose of the charge, and that's People v. Jones, People v. Graves. Another point is that there's no language in this statute that specifically says that this $200 charge can't be applied to pre-sentencing or post-sentencing credit. Presumably, if the legislature wanted to prohibit this charge from being subject to pre-sentencing credit, it could have put the language in the statute. It did not. And a third point is that this is punitive. I mean, we can't forget that this is DNA that's being taken from the defendant involuntarily and put into a database where it's going to stay well past his lifetime, well past when his actual sentence was. And so the requirement for this offense has been completed. Counsel, does the charge actually compensate the state for any purpose of the prosecution? No, it doesn't. That's our whole argument, Your Honor, is that it does not, because the statute is limited to – it applies only after conviction. So here there's no connection between the $200 charge, which goes towards maintaining the database, it goes to testing future samples in future cases that have no connection to the status of the defendant. to Mr. Johnson in this case, whereas again, going back to other similar fees that were at play in Diaz and Little John, there is that connection. The court said, well, what's the purpose of this charge? It goes to testing the items to prove that they were indeed controlled substances. It goes to testing the defendant's blood to see whether he did commit a vehicle code violation. If the fee is used to compensate the state for the taking of the sample and testing of this defendant's fluids, even though it's after conviction, it would qualify as a fee rather than a fine. Is there any analogy to the probation service fee? Has there been a case that's decided that that fee that's imposed after conviction is a fee or a fine? Well, I think both of those kind of go towards the same thing, and my response is that they both are things that happen after the sentence. Addressing the probation question, that's completely different than the DNA charge here. A probation fee is something that has a direct connection with the defendant's actual sentence, and it's actually a benefit to the probationer. There's no benefit for Mr. Johnson giving his DNA to be put in a database to stay there forever and be searched. It might exclude him from some future allegation of a crime. Well, that's certainly a possibility, but I don't see us all voluntarily giving our DNA to be put into a database. I mean, it is a penalty. It is an intrusion. I know that's a separate issue from what's in front of the court today. Another distinction is that probation is discretionary. The judge has discretion about whether he or she's going to give probation to the defendant, whereas this statute is mandatory. If you're a first-time offender, the judge has no discretion about whether to impose that fee and require the defendant to give his or her DNA. Actually, can you repeat the first question again? You were indicating that this has, unlike the other fees you were referring to, this has no component of compensating the state for any testing of that defendant's alcohol or what have you. In this case, is there not some component of a part of the fee that's actually used to compensate the state for taking the sample, storing this sample? Thank you, Your Honor. No. For example, if this was a murder case or a sex case where DNA was at play, then this statute doesn't apply because it only applies post-conviction. If the state wants to get a defendant's DNA in the actual prosecution of the case, there's other authority for that. That's Rule 413A7 where the trial court can order the defendant to give blood or hair or DNA for whatever to help prosecute that case. And that's something totally different. If the legislature wants to charge the defendant for that, then they can write another statute that addresses that. But that is not in play here. If the Court doesn't have any other questions, I think I'm going to wrap this up. Go ahead. Please conclude. Mr. Johnson, just respectfully request this Court to find that the $200 charge is indeed a fine because it's punitive, it's a monetary penalty. It is not a fee because there's no connection between that $200 charge which occurs after the case, the conviction, and prosecuting him for this simple drug possession case. Thank you. Thank you. Counsel for the appellee. Good morning, Your Honors. May it please the Court, Manning McGetsy, Assistant State's Attorney, Cook County, on behalf of the people. I think the defense is clearly mistaken about the fact that it's a fine. It's a fine about the nature of the fee because it is part of the conviction process of the defendant. In a criminal case, the defendant is, if he's acquitted, that's the end of the case. If he's convicted, however, the case is not complete until he's sentenced. This fee and the DNA testing is statutorily mandated as a condition of the defendant. As a condition of sentencing, as a condition upon conviction. Therefore, it is, in fact, part of the prosecution and conviction of the defendant. The graves, which counsel mentioned, says that a charge is a fee if it seeks to compensate the state for any of the costs resulting from prosecuting a defendant. Since the legislature has mandated that this assessment be imposed upon conviction, then requiring the defendant to pay it compensates the state for costs incurred as a result of and a collateral consequence of his conviction. It is not a post-conviction sentence condition. The Department of Corrections doesn't impose this. The Probation Department doesn't impose it. Isn't it true that virtually every post-trial charge will be fine fee or cost takes place at the sentencing hearing? And if imposition at sentencing renders a charge a fee, couldn't all charges imposed at sentencing be characterized as fees? No, because, for example, in the case of a fine, a fine doesn't compensate the state for any cost of prosecution. It's punitive, clearly punitive. You've violated the law, and you're going to be sentenced, and part of that sentence is that you pay this punitive amount. Whereas this is not punitive. It's a fee for services. In Marshall, this court sided with approval and relied on people versus white for the notion that a fee is a charge for labor and services. And the statute requires the state police to maintain and preserve and analyze DNA specimens submitted as a condition of sentencing. Therefore, under Marshall, this assessment is a fee to compensate the state for maintaining the DNA database that it is required to maintain. The fee itself, 95 percent of the fee, goes directly to a dedicated fund for the benefit of the state police crime lab to maintain their equipment, to maintain their training, to conduct the analyses that they're required to conduct. And the other 5 percent goes to the clerk of the circuit court of whatever county the conviction is had in to compensate the clerk for administrative expenses associated with this particular matter. Therefore, 100 percent of the DNA fee is, in fact, a fee to compensate either the state police crime lab or the clerk of the circuit court for services provided in connection with the conviction. Therefore, the lower courts, both the trial court and the appellate court, correctly concluded that defendant was not entitled to a set-off because a set-off is statutorily available only against a fine, not against a fee. This was a fee. The lower courts were correct, and we urged this court to affirm their holdings that defendant is not entitled to a set-off for per diem credit of $5 a day against a DNA assessment. A defendant that's acquitted then cannot find anything. Correct. This is simply a condition. You know, it says resulting from the prosecution, cost resulting from the prosecution. But it is resulting from what, from my perspective, would be a successful prosecution. And a defendant who's acquitted, in most cases in my experience, was not the subject of a successful prosecution. But the costs are assessed only upon conviction. But nothing goes to the lab that does the DNA? I'm sorry, I didn't hear you. In your scenario, no money goes to the laboratory that does the DNA testing? 95% of it goes to the state police, which is responsible for the preservation analysis and testing. So the answer to that question is 95% of it does, and 5% goes to the clerk of the circuit court for its administrative costs. Thank you, Your Honors. I'll be brief. Your Honors, I think counsel has kind of hit upon some important language that I think is pretty central to the case, and that's the language from Jones and also talked about in Graves, and it's the, quote, cost incurred as the result of prosecuting a defendant. And People v. Anthony, a First District case that's pretty recent, took that language, and then this is where this result of the prosecuting argument is coming from. But under that logic, as Your Honor pointed out, any fee, any charge that occurs, occurs post-conviction. So under this logic, everything would be a fee. There would be no fines, and that's completely inconsistent with the test as articulated in Jones and in Graves. Counsel, you're arguing kind of a narrow view of what encompasses the prosecution, that the prosecution does not go over to sentencing. I think all he's saying is that, no, it has to be part of the prosecution. The prosecution encompasses sentencing. That doesn't say, at sentencing, if you have a list of fees and a list of fines, that there won't still be a delineation as to which ones are fees and which ones are fines, right? Well, I disagree. I mean, the argument is that it is the charge or result of the prosecution, and under this logic, anything that happens after conviction, then, would be a fee. Even something clearly punitive? Well, our argument would be that would be a fine, and that's the same argument here, is that there's no actual connection between maintaining this DNA database, because it has nothing to do with this actual offense. And, again, going back to Little, John, and Diaz and other funds where the court has used its analysis, used its test from Jones, is that it goes to whether it compensates for that actual case. Here, there's, you know, DNA wasn't involved at all. There's no, that charge is not relatable at all to the instant offense. So, if we agree that prosecution encompasses sentencing, anything that is anything that's done at that point forward would have to be a fee. Under the state's argument, that seems to be what they're saying, and that seems to be what the holding in People v. Anthony was. Again, this just goes back to that specific, is it the result of prosecution that happens after conviction, or can it be applied to something, a cost, a charge incurred during the prosecution? And, again, this also goes back to the particular authority that would apply if this was a drug case, or, I mean, if this was a murder case or a sex case where DNA was involved and there had to be a charge in analyzing the DNA there. This goes to analyzing DNA of other defendants altogether, of maintaining the database well into the future. That connection is much too tenuous to Mr. Johnson's case. Although the state cites DeMarshall for the language using fees, that is the language of the statute, obviously, and the issue was not before this court in Marshall as to whether it was a fee or a fine, but is there anything in Marshall that would have an effect on this case where the issue was whether the court could impose the DNA fee every time that a person was convicted, even though his or her DNA was already in the database, and we said that the fee was intended to cover the cost of the DNA analysis and that it should only be paid when the actual extraction analysis and filing of a qualified offender's DNA occurs. Does that affect at all your argument as to whether this limitation in Marshall makes this more of a fee than a fine? I think, if anything, it goes, it points to the fact that it's more of a fine if you look at the analysis that the Anthony Court did in finding that, which was pre-Marshall, that the state could get a subsequent $200 charge and they could take the defendant's DNA again, and they looked to that fact to support its rationale that it was compensatory, and of course, this court in Marshall disagreed with that argument and held that it could only be taken once. So, if anything, I think it goes to show that it's more of a fine. It's a one-time penalty that occurs to someone who's been convicted of a felony offense in Illinois for a first time. Couldn't the argument be made that if it's a fine, it doesn't matter whether it's related to the costs involved, and therefore it could be imposed at any time, contrary to Marshall? I'm sorry, can you repeat the question, Your Honor? Could it not be argued that because, or if it is in fact a fine, the DNA fee could be assessed by the court every time there's a conviction because it's a penalty, not related to compensation? Marshall clearly held that it should be related to the cost of extracting and maintaining the DNA sample. I can see that argument, but again, I'm going to go back to the fact that in this actual case, pursuant to Jones and Graves, there is no connection between that $200 charge in this case and prosecuting Mr. Johnson for his drug possession case. Not to belabor the point, counsel, but on this whole sentencing thing, you're not saying that the prosecution argument is that it's sentencing something that is labeled as a fine, clearly punitive, could be treated as a fee? No, Your Honor. I'm not saying that. But I'm going back to this as a result of the conviction language that the Anthony Court interpreted versus the way that the Graves Court seemed to be explaining that particular language. We're arguing that it applies to the actual cost of the actual case and not something that happens subsequent to the conviction. Thank you, Your Honors. Thank you, counsel, for your arguments today. Case number 11817, People v. Johnson, is taken under advisement as agenda number 11.